**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

GAIL GARNER,

Plaintiff,

-vs-                                                      08-CV-6191-CJS

DII INDUSTRIES, LLC, ASBESTOS PI TRUST,                   ORDER
MARK M. GLEASON, DOUGLAS C. ALLEN and
MARCELLENE MALOUF,

Defendants.

_____

On September 29, 2008, Gail Garner filed a response (Docket No. 11) in which she titled herself as, "Gail Garner, Pro Se, Representative For the Estate of Angelo Palermo." The Court has reviewed the complaint which alleges that Defendants failed to properly adjudicate claims made against the DII Trust. The complaint does not describe the trust, but the Court has found information on the World Wide Web[1] indicating that the DII Trust was formed in 2005 as a result of the bankruptcy of, *inter alia*, DII Industries, LLC to settle all valid silica personal injury claims. Thus, it is unclear to the Court as to whether Gail Garner is asserting a personal claim, or a claim on behalf of the deceased's estate. If, indeed, Angelo Palermo is the individual whose claim was allegedly improperly adjudicated, then in this lawsuit, Gail Garner is advancing the claims of the estate, not her own. However, in her complaint, Gail Garner has alleged that, "[t]he Trust and its representatives denied me my right to a recovery of damages." (Compl. at 5.)

The Court, therefore, determines that to the extent Gail Garner, pro se, is holding herself out as a representative of the Estate of Angelo Palermo, this would violate the New

_____

[1]"Welcome to the DII Silica Trust!" (*available at* http://users.javanet.com/k/k.ekechi/) (Oct. 9, 2008).

York State prohibition against the unlicensed practice of law. N.Y. Jud. Law §§ 478, 484. The Court has an ethical duty to prevent the unlicensed practice of law, see N.Y. Code of Prof. Resp., DR 3-101, 22 N.Y.C.R.R. § 1200.16, and federal law prohibits a nonlawyer from representing another party in a lawsuit in federal court. 28 U.S.C. § 1654 (1949); Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007). The Estate of Angelo Palermo is a separate entity from Gail Garner, and as such, Gail Garner cannot represent the estate unless she is a licensed attorney. Diamantis v. Judd-Falk, Inc., 125 F.R.D. 396 (S.D.N.Y. 1989). Even if she were a sole beneficiary, the prohibition applies. Id.

Since Gail Garner has not shown that she is qualified to represent the Estate of Angelo Palermo, the Court will disregard her claim that she is the estate's representative until such time as she shall submit proof of her legal authority to appear on behalf of the estate. Gail Garner is cautioned that by this Order, the interests of the Estate of Angelo Palermo are not represented in this case.

Further, pursuant to Federal Rule of Civil Procedure 25, the Court directs the Clerk to amend the caption of this case to remove the words, "Claimant representative estate for Angelo Palermo" to clarify that Gail Garner is representing herself only. If Gail Garner would like to advance claims on behalf of the Estate of Angelo Palermo in this lawsuit, she may apply to do so, but only if she obtains a licensed lawyer to represent the estate.

IT IS SO ORDERED.

Dated:   October  17 , 2008
         Rochester, New York

                    ENTER:

                              _Charles Siragusa_
                              CHARLES J.  SIRAGUSA
                              United States District Judge

-2-