UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GAIL GARNER,

                              Plaintiff,                          DECISION AND ORDER
                                                                                08-CV-6191 CJS

vs.

DII INDUSTRIES, LLC, Asbestos PI Trust, et al.,

_____

       Plaintiff Gail Garner has filed what she entitled, "Response to Order" (Docket No. 15). The Response, however, will be treated by the Court as a motion for permission to proceed *pro se* as a representative of the estate of her father, Angelo Palermo. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (*per curiam*) ("In general, this Court construes the papers of *pro se* litigants liberally."). In her motion, Ms. Garner seeks permission from the Court to represent the estate of Angelo Palermo without the necessity of retaining counsel. In its prior order (Docket No. 14), the Court wrote, "it is unclear to the Court as to whether Gail Garner is asserting a personal claim, or a claim on behalf of the deceased's estate." In her motion, Ms. Garner makes it clear that she is advancing the claims against DII Industry's, LLC Asbestos PI Trust, on behalf of the estate, and not on her own behalf. Again, in its prior order, the Court determined that Ms. Garner could not represent the estate unless she was a licensed attorney, even if she were the sole beneficiary. The Court relied on the case of *Diamantis v. Judd-Faulk, Inc.*, 125 F.R.D. 396 (S.D.N.Y. 1989). In that case, the district court wrote:

> this lawsuit clearly belongs to the Diamantis estate. Thus, were Fullerton to be allowed to represent the estate *pro se* she would violate New York's proscription against the unlicensed practice of law. *See* N.Y. Jud. Law §§ 478, 484 (McKinney Supp. 1989); *Spivak v. Sachs*, 16 N.Y.2d 163, 211 N.E.2d 329, 263 N.Y.S.2d 953 (1965).

*Diamantis*, 25 F.R.D. at 398. Subsequent cases have made similar holdings:

> Wrongful death actions clearly illustrate that personal representatives of estates are parties to litigation only in their representative capacity and not individually. Specifically, although the personal representative of an estate is the only party who may commence a wrongful death action (EPTL 5-4.1), the damages recovered are solely for the benefit of the decedent's distributees to compensate them for their pecuniary loss (EPTL 5-4.4 [a]). It is inconceivable that a personal representative who is neither an attorney nor sole distributee would be permitted to prosecute the wrongful death action pro se. Regardless of whether there is truth to the adage that persons who represent themselves have fools for clients, individuals have a right to represent themselves because it is their own individual liberty or property interests that are the subject of the litigation. However, this right may not be extended to nonattorney, nondistributee personal representatives, because it is the interests of decedents' widows and orphans, rather than their own, that are at stake. To allow such personal representatives to represent themselves pro se in their fiduciary capacity would not only violate the proscription against practicing law without a license, but would also jeopardize the rights of the widow and orphans seeking to recover for the pecuniary loss they incurred as a result of the decedent's wrongful death.

*Matter of Walsh*, 17 Misc. 3d 407, 410-411 (N.Y. Sur. Ct. 2007).

> However, notwithstanding the broad sweep of these powers, no authority has been presented which would permit a lay person by virtue of his capacity as attorney in fact for his principal to appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice. Under the applicable statutes of this State, only those persons duly admitted to practice before the courts of this State may act as a legal representative of another person in a court proceeding or in the further capacity of a practicing attorney (*see* Judiciary Law, §§ 478, 484). The seriousness with which the Legislature views this requirement is manifest since a violation of the statutory proscription is punishable as a misdemeanor (Judiciary Law, § 485). Moreover, the potential problems created by the use of this device as a means of encouraging the unauthorized practice of law is obvious. (*See* Code of Professional Responsibility, EC 3-1).

*In re Estate of Friedman*, 126 Misc. 2d 344, 345 (N.Y. Sur. Ct. 1984).

>The Court notes that whomever may be appointed the personal representative of Mr. Farren's estate will, in all likelihood, not be able to represent the estate pro se. "[A] person ordinarily may not appear *pro se* in the cause of another person or entity." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998). The Second Circuit has held that "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *Pridgen*, 113 F.3d at 393. Accordingly, if Mrs. Farren or someone else is appointed as administratrix or executrix of Mr. Farren's estate, he or she will, in all likelihood, need to retain counsel to prosecute this matter on behalf of the estate. The Court also notes it may appoint counsel to represent the interests of an indigent party. *See* 28 U.S.C. § 1915(e)(1). District courts have wide discretion in determining whether to appoint counsel to indigent claimants pursuant 28 U.S.C. § 1915(e), *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986), but they "should not grant such applications indiscriminately." *Curtis v. Rowland*, No. Civ. 3:00CV1378 (PCD), 2001 WL 789318, at *1 (D.Conn. Feb.1, 2001) (quoting *Cooper v. A Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989)).

*Farren v. Shaw Envtl., Inc.*, No. 06-CV-427S, 2007 U.S. Dist. LEXIS 82334, 3-4 n.2

(W.D.N.Y. Nov. 2, 2007).

>Although plaintiffs have a right to proceed pro se in civil actions pursuant to 28 U.S.C. § 1654 ("in all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."), a *pro se* plaintiff may not seek to represent the interests of third parties. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (preventing pro se plaintiff from representing interests of decedent's estate); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*) (preventing *pro se* plaintiff from representing interests of corporation); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (preventing *pro se* plaintiff from bringing shareholder derivative suit); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (preventing layperson from representing a partnership); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (preventing parent from appearing pro se on behalf of her minor child).

*United States ex rel. Eisenstein v. City of New York*, No. 03 Civ. 413 (DAB), 2006 U.S.

Dist. LEXIS 14944, 31-32 (S.D.N.Y. Mar. 30, 2006).

>"[T]he general rule in federal court forbids representative parties, such as guardians or executors, from appearing pro se." *Taylor v. Henderson*, 2002

> U.S. Dist. LEXIS 70, 2002 WL 14423, *3 (S.D.N.Y. 2002), quoted in *Mandeville v. Wertheimer*, 2002 U.S. Dist. LEXIS 4628, 2002 WL 432689, *2 (S.D.N.Y. 2002) (citing *Shapiro, Bernstein & Co. v. Continental Record Co*, 386 F.2d 426, 427 (2d Cir. 1967) (layperson not permitted to represent corporation pro se); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (shareholder's derivative suit may not be litigated by pro se petitioner); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (petitioner not permitted to represent partnership *pro se*); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (parent not permitted to appear pro se on behalf of minor child); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (administratrix of estate not permitted to represent the estate pro se when the estate has beneficiaries or creditors other than the litigant)). As explained by the Second Circuit, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (emphasis added). The threshold question is "whether a given matter is plaintiff's own case or one that belongs to another." *Id*.

*McGee v. City of Rochester*, No. 04-CV-6310L, 2004 U.S. Dist. LEXIS 30308, 2-3 (W.D.N.Y. Nov. 2, 2004).

> Before the Court permits an extended stay of the motion for substitution or considers granting the motion, however, Gregory Gayle must advise the Court of how he intends to have the estate represented in the action if he is appointed executor of his brother's estate. A person proceeding pro se can not represent anyone but himself. Gregory Gayle may only represent himself *pro se* in the motion to substitute. *Diamantis v. Judd-Falk, Inc.*, 125 F.R.D. 396, 396-97 (S.D.N.Y. 1989). The lawsuit brought by plaintiff Leslie Gayle, however, belongs to Leslie Gayle's estate. Gregory Gayle can not represent the estate *pro se* in the action, or he would violate New York's proscription against the unlicensed practice of law. See N.Y. Jud. Law §§ 478, 484 (McKinney Supp. 1989); Diamantis, 125 F.R.D. at 397. Thus, Gregory Gayle will have to tell the Court how he, if appointed executor of his brother's estate, will arrange to have the estate represented by a licensed attorney.

*Gayle v. New York State Div. of Parole*, No. 95 Civ. 10552(SS), 1997 U.S. Dist. LEXIS 1278, 4-5 (S.D.N.Y. Jan. 30, 1997).

Ms. Garner cites to New York Estates, Powers and Trusts Law § 11-1.1(b)(13), which states:

> (b) In the absence of contrary or limiting provisions in the court order or decree appointing a fiduciary, or in a subsequent order or decree, or in the will, deed or other instrument, every fiduciary is authorized: …
>
> (13) To contest, compromise or otherwise settle any claim in favor of the estate, trust or fiduciary or in favor of third persons and against the estate, trust or fiduciary.…

N.Y. Est. Powers & Trusts Law § 11-1.1(b)(13) (1975). Though this statute gives an executor the power to compromise claims of the estate, it does not circumvent the prohibition against the unlicensed practice of law. As the Surrogate Court noted in *Estate of Schmidt*, 135 Misc. 2d 85 (N.Y. Sur. 1986), *rev'd on other grounds*, *Matter of Schmidt*, 134 A.D.2d 432 (N.Y. App. Div. 2d Dept. 1987):

> While the law is clear as to the authority of a fiduciary to compromise or otherwise settle a claim against an estate ( EPTL § 11-1.1(b)(13)), it is equally clear as to the authority of the court to fix and determine legal fees. Such authority has, indeed, long been recognized as within the court's inherent and statutory power to regulate the practice of law. *Gair v. Peck*, 6 N.Y.2d 97, 188 N.Y.S.2d 491, 160 N.E.2d 43 (1959); *First National Bank of East Islip v. Brower*, 42 N.Y.2d 471, 398 N.Y.S.2d 875, 368 N.E.2d 1240 (1977); *Avco Financial Services Trust v. Bentley*, 116 Misc.2d 34, 455 N.Y.S.2d 62 (1982).

*Estate of Schmidt*, 135 Misc.2d at 88. Further, while § 11-1.1(b)(13) by its terms would give Ms. Garner the authority to contest, compromise or otherwise settle the estate's claim, it does not give her the authority to practice law in this Court. *See, e.g., Andrews v. Hotel Reed Nursing Home*, 167 F. Supp. 2d 1333, 1336 n.2 (S.D. Ala. 2001) ("By representing her father in this action, plaintiff is engaged in the unlawful practice of law, an activity which constitutes a misdemeanor."). Although the Court is sympathetic to Ms. Garner's position, and understands that she has successfully litigated similar claims to the one at bar in administrative proceedings, the rule of law under which this Court must operate prohibits

a non-lawyer from representing the interests of her father's estate here. Accordingly, her motion (Docket No. 15) is denied. Ms. Garner must obtain counsel to represent the estate before the estate can be made a party to this litigation. *See* W.D.N.Y. Local Rule of Civil Procedure 83.1(a) & (f) (2003) (Attorney Admission to Practice).

IT IS SO ORDERED.

DATED:   Rochester, New York
         November 14, 2008

                                ENTER.


                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge