UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Gail Garner, The Estate of Angelo Palermo,

    Plaintiffs,

v.

DII Industries, LLC, Mark M. Gleason,
Marcellene Malouf,

    Defendant.

---

FIRST AMENDED COMPLAINT
Civ. No.: 08-v-6191 CJS

**JURY TRIAL DEMANDED**

Plaintiff demands a jury to try all claims triable by a jury.

**PRELIMINARY INTRODUCTION**

1.  This is an action brought to redress the death of Angelo Palermo due to his exposure to asbestos-containing products, and for claims of breach of fiduciary duty by the individually named defendants in the execution of the DII Asbestos Personal Injury Trust.

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331 and 1343, 42 U.S.C. § 2000 (e), 29 U.S.C. § 1331, 29 U.S.C. §§ 206 and 216; the Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjuticate Plaintiff's claims under state law.

3.    Venue is proper pursuant to 28 U.S.C. §1391.

**ADMINISTRATIVE EXHAUSTION**

4.    By notice dated August 30, 2007, pursuant to the defendant DII Industries, LLC Asbestos PI Trust Alternative Dispute Resolution Procedures, it was determined that pursuant to a non-binding hearing in the matter of Angelo Palermo conducted on August 21, 2007 in Boston, Massachusetts that the Plaintiff Gail Garner was denied compensation with regard to her claims. Thereafter, by notice dated October 2nd, 2007, Plaintiff Gail Garner duly advised DII Industries, LLC of her intention to pursue the asbestos unsecured PI Trust Claim.

5.    Pursuant to Sections 5.11 and 7.6 of the defendant DII Industries, LLC Asbestos PI Trust Alternative Dispute Resolution Procedures, ("TDP") Plaintiff Gail Garner was entitled to commence litigation in this matter within 180 days after her receipt of notice from the defendant DII Industries, LLC dated October 29, 2007.

6.    Plaintiff Gail Garner timely commenced this action pursuant to the TDP.

**PARTIES**

7.    Plaintiff is an individual woman who was at all times relevant herein a resident of the County of Monroe, State of New York, and the daughter of Angelo Palermo, a deceased union insulation mason for 29 years, from 1937 through 1966 in the construction asbestos industry

8. Defendant DII Industries, LLC Asbestos PI Trust ("Trust") is a trust organized pursuant to Section 524 (g) of the Bankruptcy Code.

9. Defendant Mark M. Gleason ("Gleason") is a Trustee of the Trust.

10. Marcellene Malouf ("Malouf") is the Executive Director of the Trust

## FACTS

11. Angelo Palermo was a union insulation mason for 29 years, from 1937 through 1966, in the construction asbestos industry.

12. Palermo "spray coated' and handled asbestos containing products while working directly for one or more of the Haliburton or Harbison-Walker Entities or their predecessors' valid work sites.

13. Specifically, Palermo worked from 1941-1945 for Syington Gould (later renamed Symington Wayne), a direct subsidiary of Haliburton and Harbison-Walker.

14. Palermo died on April 23, 1966.

15. Palermo's death certificate states that the immediate cause was acute liver failure due to "metastasis cancer due to primary stomach (place of origin)."

16. However, at the time of Palermo's death, the state of medical or scientific knowledge was such that the causation of Palermo's injury could not have been identified at the time of his death.

17. On June 6, 2003, Palermo was diagnosed, posthumously, with mesothelioma by a tribunal of asbestos experts who were part of the Extraordinary Claims Panel of the Mansville Trust.

18. On October 27, 2003, David Austern, president of the Mansville Trust, confirmed the tribunal's determination that Palermo's claim is an Extraordinary Mesothelioma claim causes by exposure to asbestos at Palermo's work sites.

19. On April 5, 2006, within three years of the determination of Palermo's cause of death as an Extraordinary Mesothelioma claim, Plaintiff filed a claim with the DII Trust.

20. On April 4, 2006, within three years of the determination of Palermo's cause of death as an Extraordinary Mesothelioma. claim, Plaintiff filed a pro se asbestos injury liability tort claim with DII Industries, LLC for the Estate of Angelo Palermo.

21. The DII Trust Director of Claims, in accordance with the Trust's Distribution Procedures (TDP), confirmed that the Plaintiffs provided "conclusive evidence" of Angelo Palermo's high asbestos exposure in his capacity as a union insulation mason in the asbestos industry.

22. The Johns Mansville and Celotex Extraordinary Claims Panels unanimously diagnosed Angelo Palermo's cause of death and an asbestos disease of "mesothelioma" and "extraordinary" and issued financial restitution to his estate.

23. A total of 4 Trusts, including Mansville, Celotex, Eagle-Pincher and H.K. Porter trust, confirmed Palermo's death an asbestos related "mesothelioma" using the same medical evidence and Trust standards as the defendant

24. All decisions of the Extraordinary Claims Panel were deemed final and "not subject to any further administrative or judicial review."

25. Notwithstanding, the defendant rejected Plaintiff's numerous legitimate requests for a review of the Extraordinary Claim Panel.

26. Defendants did not abide by the Court approved procedures contained the TDP/ADR in that they failed to notify Plaintiff of any potential conflicts, that they failed to allow Plaintiffs to go before the DII Extraordinary Claims Panel, failed to value Plaintiff's claims and engaged in ex-parte communications, i.e. defendants went directly to the Panel without the consent of the Abestos "TAC" and the Legal Representative.

27. After the Pro Bono Evaluator confirmed the Trusts' denial, the Plaintiffs requested non-binding arbitration; thereafter, the Plaintiff was denied recovery.

### FIRST CAUSE OF ACTION

28. Plaintiffs repeat the allegations contained in the above stated paragraphs in the Complaint as if fully set forth herein.

29. Upon information and belief, defendant DII Industries knew and/or should have known that Angelo Palermo was a union insulation mason for 29 years, from 1937 through 1966 in the construction asbestos industry.

30. Upon information and belief, defendant DII Industries, knew and/or should have known that Angelo Palermo was subject to extreme and dangerous levels of asbestos during his tenure.

31. Upon information and belief, defendant DII Industries knew or should have known that Angelo Palermo "spray coated' and handles asbestos containing products while working directly for one or more of the Haliburton or Harbison-Walker Entities or their predecessors' valid work sites.

32. Upon information and belief, defendant DII Industries knew or should have known, that Angelo Palermo worked from 1941-1945 for Syington Gould (later renamed Symington Wayne), a direct subsidiary of Haliburton and Harbison-Walker.

33. Upon information and belief, Angelo Palermo ingested and/or inhaled asbestos at the work site causing him to suffer mesothelioma.

34. That upon information and belief, Angelo Palermo suffered continuous, injurious and harmful exposure to asbestos culminating in his untimely death at the age of 51 from mesothelioma.

35. That the foregoing injuries to Angelo Palermo occurred as a result of the negligence of the defendants DII Industries in that they permitted Angelo Palermo to work in and maintained a hazardous and dangerous condition for such an extended period of time and in failing to exercise a degree of care which would be reasonably prudent to maintain, manage and inspect said work sites, in failing to comply with the statutes, rules, ordinances and regulations in the manner as provided by law and in being otherwise careless and negligent in maintaining Angelo Palermo's work sites.

36. That said duty to abate said asbestos in a safe, effective and lawful manner was non-delegable by virtue of the fact that exposure to asbestos is inherently dangerous and that defendants knew or should have known, upon information and belief, that the tasks they asked Angelo Palermo to perform would expose him to asbestos.

37. That by reason of the foregoing negligent acts of defendants DII Industries, Angelo Palermo sustained severe, serious and fatal injuries culminating in his death.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty by Defendants Gleason and Malouf

38. Plaintiff Gail Garner repeats the allegations contained in the above stated paragraphs in the Complaint as if fully set forth herein.

39. As Trustee and Executive Director of the DII Trust, Gleason and Malouf directly solicited Plaintiff's trust and confidence.

40. Defendants Gleason and Malouf did not abide by the Court approved procedures in that they failed to notify Plaintiff of any potential conflicts, and that they failed to allow Plaintiffs to go before the DII Extraordinary Claims Panel, failed to value Plaintiff's claims and engaged in ex-parte communications, i.e. defendants went directly to the Panel without the consent of the Abestos TAC and the Legal Representative.

41. Each of the defendants breached a fiduciary duty to the Plaintiff Gail Garner.

42. As a result, the Plaintiff Gail Garner was damaged.

### THIRD CAUSE OF ACTION

**Negligent Hiring & Supervision of Defendants Gleason and Malouf**

43. Plaintiffs repeat the allegations contained in the above stated paragraphs in the Complaint as if fully set forth herein.

44. In allowing defendants Gleason and Malouf to continue their employment as the Trustee and as the Executive Director respectively, after having been placed on notice, either actual or constructive, of prior similar incidents, defendant DII Trust ratified defendants' Gleason and Malouf's misuse and abuse of their power and authority.

45. As a proximate result of defendant DII's acts and/or omissions set forth above, Plaintiff has sustained severe emotional injuries, pain and suffering and loss of enjoyment of life, and has been damaged in an amount to be determined by a jury.

WHEREFORE, Plaintiff seeks judgment in accord with each of the above states causes of action.

Dated: March 27, 2009
Rochester, New York

                                  Respectfully Submitted By:

                                  /S/ Christina A Agola

                                  Christina A. Agola

                                  CHRISTINA A. AGOLA, PLLC
                                  ATTORNEYS FOR PLAINTIFF
                                  GAIL GARNER
                                  2100 First Federal Plaza
                                  28 East Main Street
                                  Rochester, New York 14614
                                  585.262.3320
                                  cagola@agolalaw.com