Andrew L. Morrison (AM 1071)
K&L GATES, LLP
599 Lexington Avenue
New York, New York 10022
(212) 536-3900 (Tel)
(212) 536-3901 (Fax)

Beth W. Bivans (TX Bar 00797664)
1717 Main Street, Suite 2800
Dallas, Texas  75201
(214) 939-5500 (Tel)
(214) 939-5849 (Fax)

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **GAIL GARNER, AS REPRESENTATIVE** | **X** | |
| **OF THE ESTATE OF ANGELO** | **:** | **08-CIV-06191 (CJS)** |
| **PALERMO,** | | |
| **Plaintiff,** | **:** | **REPLY BRIEF IN FURTHER** |
| | | **SUPPORT OF DEFENDANTS'** |
| **v.** | **:** | **MOTION TO DISMISS THE** |
| | | **AMENDED COMPLAINT** |
| **DII INDUSTRIES, LLC ASBESTOS PI** | **:** | |
| **TRUST, MARK M. GLEASON, and** | | |
| **MARCELLENE MALOUF** | **:** | |
| **Defendants.** | **X** | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

I.    SUMMARY OF REPLY ............................................................................... 1

II.   ARGUMENT ................................................................................................ 2

      A.    The Statute of Limitations Has Run On Garner's Asbestos Personal
            Injury Claim ........................................................................................ 2

            1.    Garner Does Not Dispute the Applicable New York
                  Limitations ................................................................................ 3

            2.    The Factual Allegations in the Amended Complaint Confirm
                  that Limitations Has Run ........................................................... 5

            3.    Garner's Lone Argument Against Limitations Fails ..........................................

      B.    Because Statute of Limitations Has Run On Garner's Asbestos
            Personal Injury Claim, Her Remaining Claims Fail As Well ................................... 8

III.  CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Cochrane v. AC & S, Inc.*,
  No. 92 Civ. 8841, 1998 WL 642719 (S.D.N.Y. Sept. 19, 1998) .............................................8

*In re New York County DES Litig.*,
  678 N.E.2d 474 (N.Y. 1997)...................................................................................................4

*Jones v. Bock*,
  549 U.S. 199, 127 S.Ct. 910 (2007)........................................................................................3

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
  970 F.2d 1030 (2d Cir. 1992)..................................................................................................3

*Oeffler v. Miles, Inc.*,
  660 N.Y.S.2d 897 (App. Div. 1997).........................................................................................8

*Primeau v. Town of Amherst*,
  757 N.Y.S.2d 201 (App. Div. 2003).........................................................................................9

*Riley v. A.W. Chesterton Co.*,
  No. 7:05-CV-0668, 2006 WL 1373057 (N.D.N.Y. May 18, 2006).......................................4, 6

*Scheidel v. A.C. & S. Inc.*,
  258 A.D.2d 751 (N.Y.A.D. 1999)............................................................................................4

*Styles v. Goord*,
  367 F. Supp. 2d 473 (W.D.N.Y. 2005), *aff'd*, 198 F. App'x 36
  (2d Cir. 2006)........................................................................................................................4

*Wetherill v. Eli Lilly & Co. (In re New York County DES Litig.)*,
  678 N.E.2d 474 (N.Y. 1997).............................................................................................3, 6, 8

*Whitney v. Quaker Chem. Corp.*,
  683 N.E.2d 768 (N.Y. 1997).............................................................................................1, 3, 6


**STATUTES AND RULES**

FED. R. CIV. P. 12(b)(6) ...........................................................................................................1, 9

N.Y. C.P.L.R. § 214.5 ..........................................................................................................1, 3, 6, 7

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and to the Scheduling Order entered by the Court, Defendants DII Industries, LLC Asbestos PI Trust (the "Trust"), Mark M. Gleason ("Gleason"), and Marcellene Malouf ("Malouf," and collectively with the Trust and Gleason, the "Defendants") file this Reply Brief in Further Support of their Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), and respectfully show as follows:

## I. SUMMARY OF REPLY

As demonstrated in Defendants' Motion, Plaintiff Gail Garner's ("Plaintiff" or "Garner") underlying asbestos personal injury claim is barred by the three-year statute of limitation imposed by N.Y. C.P.L.R., § 214.5. Far from refuting this defense, Garner's Response to the Motion instead confirms why her central claim is time barred. As does her Amended Complaint, Garner's Response acknowledges that: (1) her father, Angelo Palermo, died in 1966; (2) she commenced filing claims alleging that her father died from mesothelioma against other asbestos trusts in February 2000; and (3) she did not file a claim with the Trust until April 5, 2006 – some six full years *after* she first claimed that her father's death was asbestos related. Under undisputed New York law, "[a]ll that is necessary to start the limitations period is that plaintiff be aware of the primary condition for which damages are sought."[1] Accordingly, the statute of limitations commenced running – *at the latest* – in February 2000, when Garner filed her first claim against a different trust asserting that her father's death was the result of asbestos exposure.

Confronted with the limitations bar, Garner's only response is to claim that the "medical diagnosis" of the asbestos-related nature of her father's death did not occur until June 6, 2003,

---

[1] *Whitney v. Quaker Chem. Corp.*, 683 N.E.2d 768, 768-69 (N.Y. 1997).

when a three-lawyer, non-doctor panel granted her claim with the Johns-Manville Trust and awarded her a small settlement.  Beyond her strained attempt to redefine her Johns-Manville settlement as a post-mortem "diagnosis," Garner cites no authority and offers no explanation as to how her purported "discovery" of the role asbestos allegedly played in her father's death could come *over three years after* she brought a claim alleging that asbestos played a role in her father's death.  Once Garner's tortured argument that her Johns-Manville settlement was a "medical diagnosis" is rejected, the expiration of limitations is undeniable.

With Garner's underlying asbestos personal injury claim clearly barred by limitations, her remaining two claims also fail as a matter of law.  Garner's breach of fiduciary duty claim against Gleason and Malouf fails because their alleged breach is simply their denial of her asbestos personal injury claim.  However, their denial of Garner's claim was entirely proper based on limitations.  Similarly, Garner's claim that the Trust negligently hired and supervised Gleason and Malouf fails because they did not commit any independent tort or breach against her.

In sum, the recognition that limitations has run on Garner's underlying asbestos personal injury claim causes a chain reaction that requires the dismissal, with prejudice, of all three of the claims in her Amended Complaint.

## II.  ARGUMENT

### A.    The Statute of Limitations Has Run On Garner's Asbestos Personal Injury Claim

Notwithstanding the considerable length and unnecessary factual assertions in Garner's Response, the Motion presents a simple question to the Court: do the allegations in Garner's Amended Complaint establish that her asbestos personal injury claim is barred by the statute of limitations?  If the Court answers this question "yes," then the remaining two claims in the

Amended Complaint fall like dominoes, as both are premised on the allegation that Defendants'

denial of Garner's asbestos personal injury claim was wrongful.[2]

### 1.      Garner Does Not Dispute the Applicable New York Limitations.

Garner's Response is notable for what it does not dispute.  Garner does not question the

applicability of N.Y. C.P.L.R., § 214.5, which establishes New York's three-year statute of

limitations for toxic torts, providing in relevant part that:

> the ***three year period*** within which an action to recover damages for personal
> injury . . . caused by the latent effects of exposure to any substance or
> combination of substances . . . ***shall be computed from the date of discovery of
> the injury by the plaintiff*** or from the date when through the exercise of
> reasonable diligence such injury should have been discovered by the plaintiff,
> whichever is earlier.

N.Y. C.P.L.R., § 214-c(2) (McKinney 2003) (emphasis added).  Nor does Garner contest that the

statute of limitations is a proper basis for a Rule 12(b)(6) motion to dismiss.  *See Jones v. Bock*,

549 U.S. 199, 127 S.Ct. 910, 920-21 (2007); *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d

1030, 1042 (2d Cir. 1992).

More importantly, Garner does not attempt to rebut or distinguish the multiple New York

cases holding that under N.Y. C.P.L.R., §§ 214.5 and 214-c(2) the "discovery of the injury"

means the time "when the injured party discovers ***the primary condition*** on which the claim is

based," and ***not*** discovery of the ***cause*** of the injury.  *Whitney v. Quaker Chem. Corp.*, 683

N.E.2d 768, 768-69 (N.Y. 1997) (emphasis added); *see also Wetherill v. Eli Lilly & Co. (In re

New York County DES Litig.)*, 678 N.E.2d 474, 477-78 (N.Y. 1997) (holding that nothing in the

language or history of the statute "suggest[s] that the Legislature intended to make the running of

---

[2] As detailed further in the Motion, the claims against the individuals fail for various independent reasons
as well.

the Statute of Limitations depend on claimants' subjective understanding of the etiology of their conditions."). Garner does not contest that federal courts applying New York law have repeatedly recognized that the statute of limitations begins to run on the discovery of the symptoms of the condition, not upon the discovery of its cause. Indeed, this Court has explained precisely this distinction:

> [A] plaintiff cannot choose the date on which he "discovers" his injury by delaying medical tests, or by taking successive tests to "confirm" the results of earlier tests. For that matter, test results are not necessarily even required to commence the limitations period. Rather, courts have held that a cause of action accrues at the moment a plaintiff begins to experience symptoms that a reasonable person would link with the underlying illness. Thus, once a plaintiff becomes aware – through whatever means – of ***the primary condition*** from which he is suffering, the statute begins to run.

*Styles v. Goord*, 367 F. Supp. 2d 473, 475 (W.D.N.Y. 2005) (applying N.Y. C.P.L.R., §§ 214.5 and 214-c(2)) (emphasis added), *aff'd*, 198 F. App'x 36 (2d Cir. 2006).

Under New York law the "[d]iscovery of the cause of the symptoms is not relevant" to commencing the statute of limitations. *Riley v. A.W. Chesterton Co.*, No. 7:05-CV-0668, 2006 WL 1373057, *5 (N.D.N.Y. May 18, 2006) (*quoting Scheidel v. A.C. & S., Inc.*, 258 A.D.2d 751, 753 (N.Y.A.D. 1999)). Similarly, "[t]he fact that there may be a delay before 'the connection between th[e] symptoms and the injured's exposure to a toxic substance is recognized' does not delay the start of the limitations period." *Id.* (quoting *In re of New York County DES Litig.*, 678 N.E .2d 474, 478 (N.Y. 1997)).

In the end, Garner does not dispute – nor could she – that "when the Legislature used the phrase 'discovery of the injury' it meant discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition." *In re New York County DES Litig.*, 678 N.E.2d at 479. Accordingly, the only

question the Court must answer is whether Garner's Amended Complaint reveals that she "discovered" the primary condition at issue – the asbestos-related death of her father – more than three years prior to the filing of her claim against the Trust on April 5, 2006.

2.    **The Factual Allegations in the Amended Complaint Confirm that Limitations Has Run.**

Garner's Response, like her Amended Complaint, concedes and confirms the key facts necessary to establish that New York's three-year statute of limitations has run. The "physical condition" or "primary condition" at issue in this case is the death of Garner's father on April 23, 1966. *See* Amended Complaint at ¶¶ 14 and 19-20; Response at 13. At some point in the late 1990's or very early in the year 2000, Garner came to believe that her father's death was asbestos related, and she conducted research concerning asbestos and mesothelioma and attempted to hire an attorney to prosecute her asbestos claims. *See* Exhibit 1 to Original Complaint, Letter Brief for Arbitration Evaluation at 1 and 3. Acting on her understanding that her father's death was asbestos related, Garner filed a claim with the Johns-Manville Trust in February 2000. *See* Exhibit 1 to Original Complaint; Response at 9. As part of pursuing her claim with the Johns-Manville Trust, Garner obtained a letter from Dr. William Beckett, dated July 11, 2002, in which Dr. Beckett acknowledged that he was not offering a formal medical diagnosis but then theorized that Mr. Palermo's death may have been asbestos related, observing "it seems quite possible that the patient's [Mr. Palermo's] fatal malignancy could have been a diffuse malignant mesothelioma of the peritoneum rather than a primary from the stomach." *See* Exhibit 2 to Original Complaint; Response at 4-5. Finally, on April 5, 2006 – over six years after filing her claim against the Johns-Manville Trust and almost four years after Dr. Beckett's speculative letter –Garner filed a claim with the Trust, asserting that her father's death forty years earlier was

caused by his exposure to asbestos.  *See* Amended Complaint at ¶¶ 14 and 19-20; Response at 9 and 13.

The foregoing factual allegations all appear on the face of Garner's Amended Complaint and its exhibits, and they appear again in Garner's Response.  Taken together, these facts confirm that the three-year statute of limitations established by N.Y. C.P.L.R., § 214.5 expired long before the Garner filed her claim against the Trust on April 5, 2006.  Whether the statute commenced to run on Mr. Palermo's death in 1966, upon Garner's investigations into asbestos and search for counsel in the late 1990's, or upon her filing of an asbestos personal injury claim with the Johns-Manville Trust in February 2000 is immaterial; in each scenario the statute ran long prior to her 2006 claim against the Trust.  Indeed, in the most optimistic scenario for Garner, the statute of limitation expired in February 2003 – three years after she brought her original claim alleging that her father's death was the result of exposure to asbestos, but over three years prior to her instant claim against the Trust.

Thus, as of – at the absolute latest – February 2000, Garner had discovered "***the primary condition** on which the claim is based*" in the form of the asbestos-related nature of her father's death, and under undisputed New York law Garner's discovery commenced the running of limitations.  *Whitney*, 683 N.E.2d at 768-69 (emphasis added); *Wetherill*, 678 N.E.2d at 476-78 (holding "that CPLR 214-c(2)'s reference to 'discovery of the injury' was intended to mean discovery of the condition on which the claim was based and nothing more.").  New York law is unambiguous that "[a]ccrual [of a toxic tort claim] occurs upon manifestation of the symptoms of the condition which is the basis of the claim, ***and not upon formal conclusive diagnosis of that condition***."  *Riley*, 2006 WL 1373057, at *5 (emphasis added).

### 3.     Garner's Lone Argument Against Limitations Fails.

Desperate to escape the limitations bar that she has pled her way into, Garner argues that the statute did not begin to run until June 6, 2003, when "Palermo was diagnosed, posthumously, with mesothelioma by a tribunal of asbestos experts who were part of the Extraordinary Claims Panel of the Manville Trust."  Response at 13.  Garner's *only* argument against limitations is that the adjudication of her claim by the Johns-Manville Trust constitutes a "diagnosis" such that the "diagnosis date is June 6, 2003."  Response at 9.  In other words, Garner contends that the three-year statute of limitations did not begin to run when she filed her claim against the Johns-Manville Trust in February 2000, but rather when that claim was *resolved* in June 2003.

To state Garner's argument is to refute it.  Contrary to Garner's argument, limitations commenced running upon the *filing* of Garner's first asbestos personal injury claim, not upon the subsequent *settlement* of that claim.  As of early 2000, Garner so strongly believed that her father's death was asbestos-related that she commenced multiple proceedings on that basis, but she failed to do so against the Trust (or its predecessor entities) until 2006.  Under N.Y. C.P.L.R., § 214.5, Garner was obliged to file all of her asbestos personal injury claims within three years of the filing of the first such claim in February 2000.  Buoyed by her modest success with the Johns-Manville Trust,[3] Garner subsequently sought other asbestos trusts to file claims with, but the Johns-Manville proceeding did not toll imitations on this second waive of claims and Garner's claim against the Trust was simply filed too late.

Moreover, the settlement of Garner's claim with the Johns-Manville Trust obviously did not constitute a "diagnosis."  Garner has confused an adjudicative proceeding with a medical

---

[3] This Trust follows its own unique TDP, and does not use the same policies and procedures as the Johns-Manville Trust, nor is it required to.  As such, the actions of the Johns-Manville Extraordinary Claims Plan are in no way binding on the Trust, and they have no precedential value in this matter.

examination. As Garner acknowledges, none of the members of the Johns-Manville Extraordinary Claims Panel are doctors or medical professionals. Response at 8-9. The three members of the panel are all attorneys. Although well-qualified in the field of asbestos litigation, they are no more qualified to offer a formal "medical diagnosis" than is a court, a jury or counsel. These three lawyers did not purport to offer a medical diagnosis, but rather simply resolved a claim in accordance with their best judgment and with that trust's unique procedures and protocols.

However, even if the Johns-Manville panel had purported to offer a medical diagnosis, this would not change the fact that limitations expired before Garner filed her claim against the Trust. Under New York law "[n]either an 'unqualified diagnosis' of causation nor plaintiff's understanding of such is necessary . . . *the date of the diagnosis is irrelevant* under the *Wetherill* inquiry." *Cochrane v. AC & S, Inc.*, No. 92 Civ. 8841, 1998 WL 642719, *3-4 (S.D.N.Y. Sept. 19, 1998) (emphasis added) (citing *Oeffler v. Miles, Inc.*, 660 N.Y.S.2d 897, 899-900 (App. Div. 1997)). Because Garner had a sufficient awareness of the condition at issue to bring a claim based on that condition with the Johns-Manville Trust in February 2000, the statute of limitations as to all her other claims based on that same condition commenced running upon the filing of that first claim and expired three years later in February 2003. As a matter of law, Garner's April 5, 2006 claim with the Trust was untimely and barred by limitations.

**B.     Because Statute of Limitations Has Run On Garner's Asbestos Personal Injury Claim, Her Remaining Claims Fail As Well**

The heart of Garner's Amended Complaint is her asbestos personal injury claim against the Trust. Because limitations has run on that core claim, her remaining two claims also fail. Garner's Second Cause of Action claims that Gleason and Malouf breached their fiduciary duties

to her by participating in the denial of her asbestos personal injury claim. However, because the denial of Garner's claim with the Trust was proper based on the running of limitations, there is no way in which it could constitute a breach of fiduciary duty.

Similarly, Garner's Third Cause of Action claims that the Trust negligently hired and supervised Gleason and Malouf, resulting in the improper denial of Garner's claim with the Trust. Again, however, the expiration of limitations makes the denial of Garner's claim with the Trust entirely proper. Under New York law, an employer cannot be held liable for negligent hiring unless the employee is also individually liable for a tort or claimed wrong against a third person. *See Primeau v. Town of Amherst*, 757 N.Y.S.2d 201 (App. Div. 2003). Because neither Gleason nor Malouf committed an independent tort or breach against Garner, the Trust did not, as a matter of law, negligently hire or supervise them.

## IV.  CONCLUSION

Garner's Amended Complaint is fatally defective. For all of the foregoing reasons, as well as for those reasons set forth in the Defendants' Motion to Dismiss, Defendants pray that, pursuant to Rule 12(b)(6), the Court will dismiss with prejudice Garner's First Amended Complaint for failure to state a claim upon which relief can be granted. Defendants pray for such further relief as they are justly entitled to in law or in equity.

Respectfully submitted,


_/s/ Andrew L. Morrison_
Andrew L. Morrison (AM 1071)
K&L GATES LLP
599 Lexington Avenue
New York, New York  10022
(212) 536-3900 (Tel)
(212) 536-3901 (Fax)
Beth W. Bivans (TX Bar No. 00797664)
1717 Main Street, Suite 2800
Dallas, Texas  75201
(214) 939-5500
(214) 939-5849 – fax

**ATTORNEYS FOR DEFENDANTS**


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing instrument was served upon Plaintiff Gail Garner, as Representative of Angelo Palermo, at the following address in accordance with the New York Rules of Civil Procedure, on this 26th day of August, 2009.

Christina A. Agola, Esq.
Law Offices of Christina A. Agola, PLLC
2100 First Federal Plaza
Rochester, New York 14614


_/s/ Andrew L. Morrison_