UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GAIL GARNER,
*The Estate of Angelo Palermo*,

          Plaintiff,

    -vs-

DII INDUSTRIES, LLC, MARK M. GLEASON &
MARCELLENE MALOUF,

          Defendants.

DECISION & ORDER
08-CV-6191-CJS

---

**APPEARANCES**

For Plaintiff:        Christina A. Agola, Esq.
             2100 First Federal Plaza
             28 East Main Street
             Rochester, NY 14614
             (585) 262-3320

For Defendants:       Andrew L. Morrison, Esq.
             K&L Gates LLP
             599 Lexington Avenue
             New York, NY 10022-6030
             (212) 536-3941

             Beth W. Bivans, Esq.
             K & L Gates LLP
             1717 Main Street Suite 2800
             Dallas, TX 75201
             (214) 939-5500

**INTRODUCTION**

  **Siragusa, J.** This product liability case is before the Court on Defendants' motion (Docket No. 32) to dismiss for failure to state a cause of action. For the reasons below, the application is granted.

**BACKGROUND**

Plaintiff filed her original complaint *pro se* and alleged that Defendants were liable to her father's estate for his death caused by exposure to asbestos. On November 14, 2008, the Court, interpreting Plaintiff's response to Defendants' first motion to dismiss as a request to proceed *pro se* as the representative of her father's estate, denied the request. Plaintiff subsequently hired counsel, and on March 27, 2009, filed an amended complaint (Docket No. 28). On April 17, 2009, Defendants again moved to dismiss, primarily on the ground that Plaintiff's claim against them was barred by the statute of limitations.[1]

Viewing the allegations in the amended complaint as true, the following are the relevant facts for consideration of the present motion. The decedent, Angelo Palermo ("Palermo"), was a union insulation mason for twenty-nine years from 1937 through 1966 in the construction asbestos industry. He spray coated and handled asbestos-containing products while working for one or more of the Haliburton or Harbison-Walker entities. Palermo died on April 23, 1966, at the age of 51 years. (Am. Compl. ¶¶ 14 & 34.) His death certificate listed the immediate cause of death as acute liver failure due to "metastasis cancer due to primary stomach (place of origin)." (Am. Compl. ¶¶ 11–15.)

On June 6, 2003, Palermo was posthumously diagnosed with mesothelioma "by a tribunal of asbestos experts who were part of the Extraordinary Claims Panel of the

---

[1]This case was originally to be transferred to the Eastern District of Pennsylvania for inclusion in MDL No. 875. However, the Judicial Panel on Multidistrict Litigation, in an order filed on October 10, 2008, vacated the conditional transfer, finding that "[t]he issues [in this cas] appear largely case-specific, and we are therefore persuaded that the motion to vacate should be granted." (Docket No. 12.)

Mansville Trust." (Am. Compl. ¶ 17.) On April 4, 2006, Plaintiff filed a claim with DII Industries, LLC, and, the following day, filed a claim with the DII Trust, with regard to her father's death. Defendants eventually rejected the claims, and a *pro bono* evaluator confirmed Defendants' denial. (Am. Compl. ¶¶ 18–27.)

In her amended complaint, Plaintiff asserts three causes of action. First, a claim that Defendants negligently caused Palermo's death; second, a claim that defendants Mark M. Gleason ("Gleason") and Marcellene Malouf ("Malouf") breached a fiduciary duty owed to Plaintiff; and third, a claim that defendant DII Industries, LLC Asbestos PI Trust ("Trust")[2] was negligent in hiring and supervising Gleason and Malouf. Gleason is described as a Trustee of the Trust, and Malouf is described as the Trust's Executive Director.

## STANDARDS OF LAW

*Motion to Dismiss*

A motion to dismiss on the basis that an action is barred by the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1). *Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to

---

[2]The amended complaint's caption names only DII Industries, LLC, but in the body of the amended complaint describes the only party with that name more fully as "DII Industries, LLC Asbestos PI Trust ("Trust") … a trust organized pursuant to Section 524(g) of the Bankruptcy Code. Since Defendants do not raise the issue of proper identification of the DII defendant in the caption, the Court will assume that the party named in the caption as only "DII Industries, LLC" is a shorthand reference to the true party, the Trust. This, of course, makes the first cause of action problematic, since it does not appear from the pleading that the Trust employed Palermo.

> provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

***New York Statute of Limitations***

The New York Civil Practice Law and Rules require that an "an action to recover damages for a personal injury" be commenced within three years. N.Y. C.P.L.R. § 214(5)

(McKinney's 1986). The statute also addresses exposure to substances that caused the injury. In such case,

> the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.

N.Y. C.P.L.R. § 214-c(2). In *Whitney v. Quaker Chem. Corp.*, 90 N.Y.2d 845 (1997), the New York Court of Appeals stated that,

> In *Matter of New York County DES Litig*. (89 NY2d 506), we recently held that the three-year limitations period for bringing an action to recover for the latent effects of exposure to a toxic substance commences "when the injured party discovers the primary condition on which the claim is based" (*id*., at 509). We rejected the contention that the plaintiff must also discover that the injury has a nonbiological cause (*id*., at 514).

*Whitney*, 90 N.Y.2d at 847. The Court further held, in *Wetherill v. Eli Lilly & Co.* (*In re N.Y. County DES Litig*.), 89 N.Y.2d 506 (1997), that,

> It is apparent from this history that, in enacting a new "discovery" rule for the commencement of toxic torts, the Legislature had in mind only the discovery of the manifestations or symptoms of the latent disease that the harmful substance produced. The dichotomy in the case law that the Legislature intended to address was that between impact or exposure on the one hand and resulting infirmity on the other. Given that narrow focus, the only reasonable inference is that when the Legislature used the phrase "discovery of the injury" it meant discovery of the physical condition and not, as plaintiff argues, the more complex concept of discovery of both the condition and the nonorganic etiology of that condition.

*Wetherill*, 89 N.Y.2d at 514.

**ANALYSIS**

*Jurisdiction*

Plaintiff alleges that the Court has jurisdiction to hear this case pursuant to: 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights); 42 U.S.C. § 2000(e) [sic; probably a reference to 42 U.S.C. § 2000e (equal employment)]; 29 U.S.C. §§ 206 (minimum wages) and 216 (penalties); and 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's claims, however, are for negligence, breach of fiduciary duty and negligent supervision. Her amended complaint fails to allege how jurisdiction lies under Federal law. The only possible connection is that the Trust was approved by a Bankruptcy Court pursuant to 11 U.S.C. § 524(g) (2005).

Defendants have attached[3] an amended order *In re: Mid-Valley, Inc*, No. 03-35592 JKF (Bankr. Ct. W.D. Penn. Jul. 21, 2004) to their memorandum in support of the motion to dismiss. In the attached order, the Bankruptcy Court approved the Asbestos PI Trust[4] as a qualified settlement fund within the meaning of regulations issued pursuant to Internal Revenue Code § 468B and included a channeling injunction.[5] *Id*. at 8. Further, the

---

[3]Unlike Federal Rule of Civil Procedure 12's requirement that the Court constrain itself to the pleadings, when considering issues of subject matter jurisdiction the Court may look outside the pleadings. *See Filetech S.A. v. France Telcom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998) ("Our rule is that, on a 'challeng[e][to] the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits.' *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991).").

[4]Section 7.11 of the Trust agreement states, "This Asbestos PI Trust Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflicts of law principles."

[5]"[T]he 'channeling injunction' was conceived as a vehicle for solving the practical limitations of discharge. Bankruptcy courts have the ability to enter injunctions pursuant to Bankruptcy Code § 105(a). A channeling injunction is simply a specialized form of injunction. Pursuant to a channeling injunction, all mass tort litigation and claims are 'channeled' to a trust specifically
(continued...)

amended order appointed, *inter alia*, Mark A. Gleason as an initial trustee. The amended order then discharged the Haliburton Entities and Harbison-Walker Entities. *Id*. at 10.

The Asbestos PI Trust document is separate and distinct from the DII Industries, LLC Asbestos PI Trust, Trust Distribution Procedures (December 16, 2004) ("TDP"). Paragraph 5.11 of the TDP states: "Claimants who elect nonbinding arbitration and then reject their arbitral awards retain the right to institute a lawsuit in a judicial forum against the Asbestos PI Trust…." The TDP further states that individual suits filed against the Trust will be "treated as a personal injury case with all personal injury damages to be considered…." (TDP § 7.6.) The TDP does not address whether such a claim should be brought in a state, or federal, forum.

Instead of addressing the question of subject matter jurisdiction, the parties simply argue the motion to dismiss on the assumption that this Court has jurisdiction. In their Reply Memorandum of Law, however, Defendants point out that Plaintiff does not dispute the applicability of the New York statute of limitations to this action. (Def.s' Reply Mem. of Law at 3–4.)

At oral argument of the motion, defense counsel disagreed that this matter is properly here under federal question jurisdiction, but stated her belief that the case could be here on diversity jurisdiction. Jason Little, Esq., appearing for Christina Agola, Esq., the

---

[5](...continued)
established to resolve and pay these claims-a so-called mass tort bankruptcy trust. The channeling injunction also permanently enjoins present and future claimants from proceeding against the other potentially responsible parties. The result of a channeling injunction is that all claimants are required to assert their claims against a trust specially designed for this purpose." 1996 Norton Annual Survey of Bankruptcy Law, Robert J. Miller, "Chapter 11 Reorganization—A Viable Solution to the Problem of Mass Torts" at 3 (footnotes omitted).

counsel of record, stated that the complaint was drafted by Ms. Agola working with their client, Ms. Garner. Mr. Little argued that the diversity jurisdiction alleged in the first complaint was transferred to the amended complaint. The original complaint, though, alleges the following as its basis for federal jurisdiction: "Arises under Federal law of Bankruptcy Code 11." (Orig. Compl. at 1.) "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668–69 (2d Cir. 1977) (citations omitted); see also, *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter*, 32 F.2d 195, 198 (2d Cir. 1929) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent.").

The Court finds no factual basis alleged for Federal jurisdiction in the amended complaint, only a conclusory statement that jurisdiction is related to a laundry list of statutes. The argument that federal question jurisdiction is present is unsupported by any factual allegations in the amended complaint. Diversity jurisdiction is neither plead, nor are there any facts alleged from which it could be construed. The amended complaint does allege that Palermo's representative, his daughter, is a resident of New York, but fails to allege the citizenship of the defendants. Since this is not a cause of action concerning whether the Trust was properly formed under the Bankruptcy law, and since the Bankruptcy Court retained jurisdiction itself for those questions, the Court fails to find any basis for federal question jurisdiction. Without a basis for subject matter jurisdiction, any opinion rendered on the substantive motion to dismiss would violate the Constitution's

prohibition against issuing advisory opinions. *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 n. 19 (1947).

## CONCLUSION

For the foregoing reasons, Defendants' motion (Docket No. 32) to dismiss is granted. The Clerk is directed to enter judgment for Defendants and close the case.

IT IS SO ORDERED.

Dated: February 4, 2010
        Rochester, New York

               ENTER:

                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge